1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

YUSUPHA TOURAY,

        Plaintiff,

     v.

GLACIER FISH COMPANY, LTD., *et al.*

        Defendants.

Case No.  C05-1388RSL

ORDER DENYING MOTION
FOR A PROTECTIVE ORDER AND
DENYING MOTION TO COMPEL

16

## I.  INTRODUCTION

17

     This matter comes before the Court on a motion for a protective order filed by defendant

18

Glacier Fish Co., Ltd. ("Glacier") seeking to protect its expert witness, Dr. Aleksandra Zietak,

19

from being re-deposed.  (Dkt. #22).  After receiving the motion, plaintiff filed a motion to

20

compel Dr. Zietak to respond fully to plaintiff's subpoena duces tecum and to continue her

21

deposition.  (Dkt. #26).  Plaintiff also seeks an order protecting him from being required to pay

22

Dr. Zietak's hourly rate of $750.00.  He also seeks to pay her for only one hour of her prior

23

deposition, even though the deposition lasted for three hours and forty minutes.

24

     The Court denies the motions because the parties did not comply with the meet and

25

confer requirement in the Local Rules prior to filing their motions.

26

## II.  DISCUSSION

27

     Plaintiff alleges that he suffered a debilitating knee injury during his employment with

28

ORDER DENYING MOTIONS - 1

1    Glacier aboard the PACIFIC GLACIER.  Plaintiff asserts claims for negligence under the Jones

2    Act, unseaworthiness, maintenance and cure, and attorney's fees.  Dr. Zietak performed an

3    independent medical examination ("IME") on plaintiff in February 2006.

4            On April 20, 2006, plaintiff served Dr. Zietak with a subpoena duces tecum for a

5    deposition on April 26, 2006.  Dr. Zietak was instructed to arrive at 2:00 p.m. for a one-hour

6    deposition, and to bring with her twenty-two categories of documents.  Dr. Zietak did not object

7    to the subpoena, and she brought with her all documents related to plaintiff's IME,

8    correspondence with defense counsel, and materials that she had reviewed as part of the basis

9    for her expert report.  She did not produce other requested documents, including financial

10   records, records related to her professional affiliations, and documents regarding her prior

11   engagements as an expert witness.

12           Neither counsel has certified that he met and conferred with opposing counsel prior to

13   filing the motions.  Because Glacier's counsel filed the motion for a protective order on Dr.

14   Zietak's behalf, counsel was obligated to comply with the meet and confer requirement.  In

15   addition to the lack of certification, the record shows the absence of good faith efforts to resolve

16   the dispute.  For example, after the deposition, Dr. Zietak and plaintiff's counsel exchanged

17   letters demanding and refusing payment, respectively.  The letters include demands that the

18   other party capitulate rather than a cooperative attempt at resolution.  Similarly, Dr. Zietak's

19   deposition was decidedly adversarial, and although there were opportunities for a compromise,

20   they were not taken.   For example, Dr. Zietak stated that she had not had sufficient time to

21   assemble a list of her professional affiliations.  Zietak Dep. at p. 73.  Also, plaintiff's counsel

22   berated her for not providing a complete list of cases in which she had testified as an expert

23   witness.  Dr. Zietak explained that she had not understood the term "expert witness" and it was

24   not defined in the subpoena.  Zietak Dep. at p. 54.  Although Dr. Zietak offered to supplement

25   her disclosures, plaintiff's counsel refused, continued to question her, and demanded the right to

26   re-depose her.  There was apparently no effort to follow up on the offers to supplement.

27           After reviewing the transcript of Dr. Zietak's deposition, the Court was appalled by the

28   ORDER DENYING MOTIONS - 2

way plaintiff's counsel treated the witness and his lack of respect and professionalism towards her.  Counsel is reminded of the following admonition in the Introduction to the Local Civil Rules: "Along with the cost of civil litigation, the judges of this district are very concerned about the professionalism among attorneys, especially in the conduct of discovery.  The judges of this district expect a high degree of professionalism from the lawyers practicing before them. . . . There should be no difference between the professional conduct of counsel when appearing before the court and when engaged outside it whether in discovery or any other phase of a case."  Plaintiff's counsel certainly did not heed that admonition.  If he had treated the witness in open court the way he did at the deposition, he would have been found in contempt of court.  Any further similar treatment of witnesses in this case will result in the imposition of sanctions.

Because the parties did not comply with the letter and spirit of Local Rule 37, the Court denies the motions.[1]  Although the Court is aware that some discovery disagreements cannot be resolved, Local Rule 37 requires a good faith discussion, striving towards a resolution that is in the parties' best interests without involving the Court.  Because the parties did not comply with Rule 37 and because of the acrimonious nature of the prior interactions, counsel must meet and confer in the Court's chambers conference room prior to refiling the motion.  If they cannot resolve the matter themselves, they should call Teri Roberts, judicial assistant, at 206-370-8810 to schedule a time to meet and confer in the conference room.

In the interests of efficiency and expediency, the Court offers the following guidance to aid the parties' attempt to resolve the discovery dispute.  First, plaintiff's request to compel Dr. Zietak's assistant to produce documents is unwarranted because the subpoena was not directed

---

[1] Because the Court denies the motions based on the failure to meet and confer, defendant's motion to strike plaintiff's reply is DENIED as moot.  Counsel are reminded that motions to strike have been abolished, and any request to strike material in a reply should be filed as a sur-reply as set forth in Local Rule 7.   Similarly, if the parties refile their motions, they must comply with the page limits of Local Rule 7.  If plaintiff files another twenty-page memorandum, the Court will not read it past the twelve-page limit unless permission to file an overlength memorandum is obtained.  The memoranda should focus on issues relevant to this motion, not irrelevant issues such as whether the medical examination was tape recorded.

to her.[2]  Second, plaintiff has provided no justification for paying Dr. Zietak for only one hour of her nearly four-hour deposition.  She did not needlessly prolong the deposition, and she was forced to cancel appointments with patients to continue the deposition hours after it was scheduled to end.  Third, as the party seeking to avoid Dr. Zietak's fee as excessive, plaintiff bears the burden of showing that protection is warranted.  Fed. R. Civ. P. 26(c).  The Court will not consider the hearsay evidence of plaintiff's counsel's conversations with third-party billing professionals regarding the prevailing rates.  The Court considered Dr. Brzusek's[3] opinion that he charges $550.00 for depositions and does not know any physician charging $750.00.  That evidence is persuasive, and under other circumstances, the Court might conclude that Dr. Zietak's rate is unreasonable.  However, because plaintiff's unilateral extension of the deposition, under threat of sanctions, required Dr. Zietak to cancel appointments at great cost to her practice and inconvenience to her patients, the Court would likely find her rate reasonable in light of her expertise and the fact that she charged defendant the same rate.

Fourth, plaintiff argues that Dr. Zietak did not provide *any* documents in response to the subpoena, but her deposition transcript shows that she brought her entire file regarding plaintiff.  Although plaintiff argues that Dr. Zietak's handwritten list of cases in which she served as an expert is incomplete, a witness is not required to create lists or other documents to respond to a document subpoena, so the Court would not compel her to supplement the list.  Similarly, Dr. Zietak is not required to obtain documents from third parties like her insurance carrier or a medical review board, though she would be required to produce responsive documents in her possession.  The Court would likely require Dr. Zietak to supplement her responses to provide

---

[2] The request to compel Dr. Zietak's assistant is unnecessary, as any documents within her professional control would also be within Dr. Zietak's control.

[3] Daniel A. Brzusek, D.O., is the Medical Director of Northwest Rehabilitations Associates, Inc. in Bellevue, Washington, and serves as an Assistant Clinical Professor of Rehabilitation Medicine at the University of Washington, School of Medicine in Seattle, Washington.  Declaration of Daniel Brzusek, D.O. (Dkt. #28) at ¶ 2.

ORDER DENYING MOTIONS - 4

documents, if within her possession, regarding her professional affiliations and her prior engagements as an expert witness, including any billing records reflecting those engagements. See Subpoena Duces Tecum, Plaintiff's Motion at Ex. 1 at ¶¶ 12, 13, 17-21. It appears that Dr. Zietak provided incomplete responses to those requests and did not object to them. Finally, because it would require Dr. Zietak to supplement her responses, the Court would allow plaintiff to continue her deposition for no more than one additional hour solely for the purpose of addressing the newly-produced documents. In light of plaintiff's counsel's prior treatment of this witness, any continuation of the deposition must occur in Judge Lasnik's courtroom while he is on the bench. Plaintiff must provide and compensate the court reporter.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES Glacier's motion for a protective order (Dkt. #22) and DENIES plaintiff's motion to compel and for a protective order (Dkt. #26). Defendant's motion to strike plaintiff's reply (Dkt. #35) is DENIED as moot.

DATED this 2nd day of August, 2006.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTIONS - 5