UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YUSUPHA TOURAY,

Plaintiff,

v.

GLACIER FISH COMPANY, LTD., *et al.*

Defendants.

Case No. C05-1388RSL

ORDER DENYING MOTION *IN LIMINE*

This matter comes before the Court on a motion *in limine* filed by defendant Glacier Fish Co., Ltd. ("Glacier") seeking to exclude certain opinions of plaintiff's vocational expert, John Berg. (Dkt. #38). Glacier argues that Mr. Berg should not be permitted to testify about future wage loss or work-life expectancy in the fishing industry because he lacks expertise and/or competence in those areas.

Mr. Berg's challenged testimony must be evaluated in the context of Fed. R. Evid. 702 and the standards set out in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999), the Supreme Court explained that courts have a "gatekeeping" obligation to ensure the reliability of expert testimony. The Kumho Court explained, "The objective of that requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon

professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Id. In this case, Mr. Berg's expertise in the area of vocational issues is not disputed. Defendant, however, has raised some legitimate concerns regarding Mr. Berg's expertise to opine about the economic matters. For example, defendant notes that Mr. Berg has never been deemed qualified to opine on economic matters in federal court, he does not have a degree in economics, and he has very limited experience in evaluating economic matters. Furthermore, his report included a discount rate that he assumed without including analysis. Although these issues raise serious concerns about Mr. Berg's expertise in the relevant economic matters, the Court denies the motion, without prejudice, because the issue can be best resolved in a Daubert hearing at the start of trial. If defendant renews its motion at trial, the Court will allow plaintiff to present additional evidence regarding Mr. Berg's expertise before ruling on the motion.

DATED this 25th day of September, 2006.

Robert S. Lasnik
United States District Judge